Filed 6/16/17 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2017 ND 148

Statoil Oil & Gas LP, Plaintiff and Appellant

v.

Abaco Energy, LLC; American Heart Association,

Inc.; American  Lung  Association; American

Syringomyelia Alliance Project; Altshule 1988 

Trust; Herma C. Altshule & Joel Altshule, as 

Trustees of the Altshule 1988 Trust; American Cancer

Society, Inc.; Anne Carlsen Center; Arlene Sax;

Benefit Fund of the Mckenzie County Healthcare

Systems; Bomont Enterprises, LLC.; Brent Clum;

C and M, LLC; Carla Dickerson; Carol Kummer; Cody 

Oil and Gas Corporation; Continental Resources

Inc., LLC; Darrell & Judy Rud Family Revocable

Living Trust; Pam Gunderson, successor-in-interest

to David Gunderson; David Peterson; Duke Royalty, 

LLC; Diane Ehrlich; Donald Maston; Donna Maston; 

Earthstone Energy, Inc.; Family Counseling Service

of San Gabriel Valley; Mark Fliginger; Global Gas

and Oil, LLC; Gary Sax; Gayle A. Lysne Revocable 

Living Trust; Glenn Sax Revocable Living Trust; 

Glenn Sax; H4 Royalty, LLC; Herbert Maston; Hess

Bakken Investments I, LLC; Hess Bakken Investments

II, LLC; Hess Corporation; Hill, LP; Irish Oil & 

Gas Inc.; Johnson Family Trust; John W. Johnston; 

Sue Johnston; JRB Investments, LLC; Michele Knots; 

MBI Oil and Gas, LLC; MBI Overrides, LLC; Robert

McNamara; Tracey NcNamara; Vincent Melashenko; Mercy 

Medical Foundation; Mirada Energy, LLC; Missouri 

River Royalty Corporation; MJM Land Development, LLC;

John S. Murray; John  Murray, as the Personal 

Representative of the Estate of Nancy A. Murray,

deceased; Patricia A. Murray; John Murray, as the 

Personal Representative of the Estate of William S. 

Murray, deceased; Muscular Dystrophy Association, 

Inc.; Larry Nelson; Myrna Nelson; Noble Royalties 

Access Fund 12 LP; Noble Royalties Access Fund XI LP;

North Dakota Elks Association; Northern Energy 

Corporation; Northern Oil and Gas, Inc.; Nueva Forma 

Energy Partners; Orrion Energy, LLC; Olson Vermaaker, LLC.;

Paris Land Company, LLC; Prairie of the South, LLC; 

Rainbow Energy Marketing Corporation; Reef 2001 Private

Drilling Fund LP; Roanie Ponie, LLC; Darrell Rud; Judy 

Rud; San Gabriel Valley Medical Center Foundation 

Community Benefit Fund; Sandy River Resources, LLC; 

Sax Family Mineral, LLP; Arlene Sax; Carol Dean Sax;

Gary Sax; Glenn Sax; Laura J. Sax; Mark Sax; Patricia 

L. Sax; SKT Royalty, LLC; Merilyn Jean Smith; Sharon

Smith; Smith Minerals, LLP; Sourcerock Exploration, LLC;

Split Creek Enterprises, LLC; St. George Coal Co.; North

Dakota Board of University and School Lands; Stewart 

Geological, Inc; Sue Johnston; Sukman Family Trust; 

Richard and Carol Sukman, Trustees; Sunshine Pacific 

Corp.; Three Horns Energy, LLC; Twin City Technical, LLC;

Wild Basin Oil & Gas, LLC; Williams County North Dakota;

United Energy Trading, LLC; Vincent Melashenko; Wild 

Basin Oil and Gas LLC; Wolfe Exploration; Wood River

Investment Company, LLC; Zavanna, LLC; Zeneco IV, LLC; 

Slawson Exploration Company, Inc.; LGFE-J L.P.; LGFE-M L.P.;

Mark Fliginger and JRB Investments, LLC,                                            Defendants

and

Continental Resources, Inc.; Noble Royalties Access 

Fund XI; Noble Royalties Access Fund 12 LP; Mirada 

Energy, LLC; Orrion Energy, LLC; Slawson Exploration

Company, Inc.; Split Creek Enterprises, LLC; Wild Basin

Oil & Gas, LLC; Zavanna, LLC; Cody Oil & Gas 

Corporation; LGFE-M L.P.; LGFE-J L.P.; Abaco Energy, LLC; 

Brent Clum; David Peterson; Earthstone Energy, Inc.; 

Global Gas and Oil, LLC; Hill LP; JRB Investments, LLC; 

MBI Overrides, LLC; Missouri River Royalty Corporation; 

Rainbow Energy Marketing Corporation; REEF2011 Private 

Drilling Fund LP; SourceRock Exploration LP; Stewart 

Geological, Inc.; Sunshine Pacific Corp.; United Energy 

Trading, LLC; Vincent Melashenko; Wolfe Exploration;         

Benefit Fund of the McKenzie County Healthcare Systems;

Altshule 1988 Trust; Herma C. Altshule and Joel Altshule,

as Trustees of the Altshule 1988 Trust; C and M, LLC; 

Carla Dickerson; Diane Ehrlich; Pam Gunderson, 

successor-in-interest to David Gunderson; The Johnson

Family Trust; John W. Johnston; Sue Johnston; Carol Kummer;

Gayle A. Lysne Revocable Living Trust; Donald Maston; Donna

Maston; John S. Murray; John Murray, as the personal 

representative of the Estate of Nancy A. Murray, deceased; 

Patricia A. Murray; John Murray, as the personal 

representative of the Estate of William S. Murray, deceased;

Larry Nelson; Myrna Nelson; Daryl & Judy Rud Family Revocable

Living Trust; Arlene Sax; Carol Dean Sax; Gary Sax; Glenn Sax;

Mark Sax; Laura J. Sax; Patricia L. Sax; Sax Family Mineral,

LLP; Smith Minerals, LLP; Sukman Family Trust; Richard and

Carole Sukman, Trustees; and Wood River Investment 

Company, LLC,     Appellees

and

North Dakota State Engineer,                                                             Interested Party

No. 20160261

AND

Statoil Oil & Gas LP, Plaintiff and Appellant

v.

1280 Royalties, LLC; Altitude Minerals;  American State 

Bank & Trust Co. of Williston, as Trustee of the Vern & 

Juanita Neff Mineral Trust; Amy Reep; Ann M. Dorwart; 

Ann Marie Aakhus and Edward Grundy Aakhus, as Successor

Co-Trustee of Trust B- 1979 Aakhus Family Trust; 

Ann Marie Aakhus; Arlie J. Skurdal; Ashley Mark Wollertson; 

B&F Oil and Gas, Inc.; Bell State Bank and Trust, as Trustee 

for the Bradley K. Brakke Family Trust; Bemidji State

University Foundation; Boedecker Resources; Carl H. Oksol, 

as Trustee of the Carl H. Oksol Revocable Living Trust; 

Carlos R. Pierce and Jolynn C. Pierce, as Trustees of the Pierce

Living Trust; Carolynne Jones; Carrie Ellen Levering; 

Ceanne Woodley Brunk; Charles L. Scofield; Charles N. Hawkins 

and Janet Hawkins, as Trustees of the Charles Hawkins Revocable

Trust; Cheryl R. Plante; Chesapeake Mid-Continent Corp.; 

Christine C. Suny; Christopher Oman; Christopher Thomas 

Cantarine, as Trustee of the Christopher Thomas Cantarine 

Living Trust; Cirrus Minerals, LLC; Clifford E. Stewart;

Concordia College Corporation; Continental Resources, Inc.;

Crown Resources, LLC; Curtis Hancock; Curtis Kleppen; 

D.B. Young; Dale Donovan; Daniel H. Mott, M.D.; Daniel 

Sondreal; Darrel Grande; David Bergh; David James 

Lambert and Gayle Anne Lambert, as Trustees of the Lambert

Family Trust; David L.G. Sondreal; Deann Johnson; Debbie S. 

Pickett; Deann Johnson; Debbie S. Pickett; Debra Erickson; 

Dennis J. Baber; Dennis L. Peltier; Dennis Sherlock; Dennis W. 

Yockim; Diamond Resources Co.; Diana G. Anderson; 

Diane L. Oman; Diane M. Clarkin; Donald J. Peterson; 

Donald K. Fisher; Donn Skadeland; Dorothy Bergh; Douglas I. 

Hoialmen; Dr. and Mrs. Williams O. Robertson; Durango, 

Inc.; Eileen Peltier; Elizabeth Cantarine, as Trustee of the 

Anthony Cantarine Revocable Trust Agreement; Elizabeth E. 

Kleppen; Elva M. Smith, as Trustee of the Hunter S. Smith

and Elva M. Smith Family Mineral Trust; Ernest S. Dopp; 

Evan Skurdal; Family Tree Corporation; First National Bank 

& Trust Co. of Williston and Helen G. Anderson, as Co-Trustees 

of the Helen G. Anderson Trust; First National Bank & Trust 

Co. of Williston, as Trustee of the Hilda Noe Grandchildren 

Trust; Francis Peterson, Inc.; Fanklin L. Bergh; G3 Energy,

LLC; Gary J. Peltier; Gary L. Brune; Gary R. Sukut; Gary S. 

Schwab; Gayle M. Coauette; Gregory A. Hauge; Harley 

Kleppen; Hurley Oil Properties, Inc.; Inga C. Dickson; 

Isabella M. Verretta; J. Cleo Thompson and James Cleo

Thompson Jr., L.P.; James E. Messler, as Trustee of the 

James and Carolyn Messler Living Trust; James Peltier; 

James V. Lee; Jan Mary Burdick Hill; Janet Kondelis; 

Javo Oil and Gas Company; Jeannine Lavens; Jennifer  

Burdick; Jerald H. Stockman, as Trustee of the Stockman

Family Minerals Trust Created by Trust Agreement;

Jessica Burdick; Jill Sondreal Baker; Joann Wheeler; 

Jocelyn Birch Burdick, as Trustee of the JBB Trust; 

Jody L. Khan-Hauge; John C. Abbott and Sharon A. Abbott, 

as Trustees of the Abbott Family Trust; John M. Broschat; 

John R. Bergh; J.P. Furlong Co.; Joseph P. Furlong; Karen 

Martin; Kari R. Brakke Puckropp; Kathleen Johnson; Kathleen 

Wood Austin; Kathryn Martin; Keith L. Janssen; Kevin Ross 

Brekke; Kirk D. Martinez; Kristine L. Sathre; L. Mae Sukut;

Larry R. Snyder and Sandra L. Snyder, as Joint Tenants;

Lawrence D. Schram; Leah Sondreal; Leslie Hanson; Leslie R. 

Ellesson; Lester R. Sauvage, M.D.; Lewis Revocable Trust of

September 21, 2007; Linda Brekke Johnson; Lisa Gunderson; 

Lois C. Zeigler, as Trustee Under the Last Will and Testament 

of Frederick H. Zeigler; Lori Fitzpatrick; Tristan Van De Streek;

Luke D. Hauge; Lyle C. Jones, Jr.; Lynette M. Ellesson; M.C.M.

Oil and Gas; Marc Washburn, as Successor Trustee of the 

Eva Claire Washburn Trust Agreement; Marcus D. Lee; 

Margaret E. Anderson; Margaret E. Smith, as Trustee of the

Margaret E. Smith-Wiebenga Trust; Margret Tomlinson; 

Maria Dumba; Maridel Woodley Stout; Marilee Montgomery; 

Mario Skurdal; Marjorie A. Harp; Mark T. Hauge; Marlaine 

K. Evje; Martha M. Berlin; Mary A. Anderson; Mary Elizabeth

Burdick Frizat; Maureen Larson; Maurice C. Bergh; Melissa 

Sherlock; Michael D. Brekke; Michael T. Fitzmaurice; 

Michele M. Baber; Michelle Peltier; Milnor J. Theige; Milton P.

Reiersgord; MSBP Limited Partnership; Nancy Amiot; Noble 

Energy, Inc.; Nola F. Turner; North Dakota Rural Rehabilitation 

Corporation; Northland Royalty Corp.; Oasis Petroleum North

America, LLC; Orville Walraven; Patrick Rabon; Patsy L. 

Wood; Powers Energy Corporation; R.D. Bakken; Rachel 

Sondreal Knodle; Rhoady Lee, Jr.; Richard B. Coughlin and 

Kristine C. Coughlin, as Trustees of the Coughlin Minerals Trust

Created by Trust Agreement; Ricky Vance; Riverbend Bakken 

Partners, LLC; Robert C. Dyer; Robert D. Brekke; Robert E. 

Walstad; Robert Michael Montgomery; Robert R. Sundet and 

Beverly R. Sundet, as Trustees of the Sundet Family Trust; 

Robert William Burdick; Ronny M. Wollertson; Ross M. Harmon; 

Ruth E. Oksol, Kathleen K. Oksol, and Karla R. Osborn, as Co-

Trustees of the Ruth E. Oksol Revocable Living Trust; Ruth Wood 

Sease; Sandra C. Metz; Sandra L. Pew; Schmitz Legacy, LLC; 

Scott Rabon; Selma N. Burdick, as Trustee of the Selma N. Burdick 

Revocable Trust; Shannon Joseph Wollertson; Sheri L. Baber; 

Shirley Bervig; Shirley L. Schwab, as Trustee of the Shirley L.

Schwab Trust under Trust Agreement; SoloCorp; Stanford A. 

Reep; State of North Dakota, By and Through the Board of 

University and School Lands; Steven L. Brekke; Susan M. Hols; 

TDB Resources, LP; Teresa Bragg; The Bruegger Mercantile 

Company, or Its Successors in Interest; The Dublin Company;

The Estate of Genevieve J. Youndale; The Estate of Joseph C. 

Brekke; The Estate of Marjorie J. Dickman; The Estate of Margret 

Brekke; The Estate of B.O. Brekke; The Estate of Raymond F. Brekke; 

The Estate of Roger T. Johnson; The Estate of Virginia J. Dopp; 

Thomas A. Cantarine and Elizabeth B. Cantarine, as Trustees 

of the Thomas and Elizabeth Cantarine Trust; Thomas A. Linder; 

Thomas Peltier; Timothy A. Brakke; Timothy Lovseth; Timothy 

R. Lee; Timothy R. Theige; Tod G. Maleckar; Upstream Oil LLC;

Vantage Exploration, LLC; Vikki Scharmer; W North Fund III, 

LP; W.R. Sukut; Wallace L. Herreid and Virginia M. Herreid, 

as Joint Tenants; Wayne B. Brekke; Walter E. Johnson; Wesley 

C. Theige;Western Energy Corporation; Wild Horse Oil & Gas,

Inc.; William A. Bergh; William F. Baber; Williams County, 

North Dakota; Yosefu K. Hauge; and All Other Persons 

Unknown Claiming any Estate or Interest In, or Lien or 

Encumbrance Upon, The Property Described Herein,                                 Defendants

and

Continental Resources, Inc.; Noble Royalties Access 

Fund XI; Noble Royalties Access Fund 12 LP; Mirada 

Energy, LLC; Orrion Energy, LLC; Slawson Exploration

Company, Inc.; Split Creek Enterprises, LLC; Wild Basin

Oil & Gas, LLC; Zavanna, LLC; Cody Oil & Gas 

Corporation; LGFE-M L.P.; LGFE-JL.P.,      Appellees

and

North Dakota State Engineer,                                                                  Intervenor

No. 20160262

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable David W. Nelson, Judge, and the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

John E. Beerbower (argued), Ryan A. Shores, David A. Higbee (on brief), Washington, D.C. and Lyle W. Kirmis (on brief), Bismarck, N.D., for appellant and plaintiff Statoil Oil & Gas LP.

Michael D. Schoepf (argued) and Lawrence Bender (on brief), Bismarck, N.D., for defendants and appellees Continental Resources, Inc., Mirada Energy, LLC, Noble Royalties Access Fund XI OP, Noble Royalties Access Fund 12 LP, Orrion Energy LLC, Slawson Exploration Company, Inc., Split Creek Enterprises, Wild Basin Oil & Gas, LLC, Zavanna LLC, Zeneco IV, LLC.

Ariston E. Johnson, Watford City, N.D., for defendants and appellees Altshule 1988 Trust, Herman C. Altshule and Joel Altshule, as Trustees of the Altshule 1988 Trust, Benefit Fund of the McKenzie County Healthcare Systems, C and M, LLC, Carla Dickerson, Carol Dean Sax, Carol Kummer, Darrell and Judy Rud Family Revocable Living Trust, Diane Erlich, Donald Maston and Donna Maston, Gary Sax, Gayle A. Lysne Revocable Living Trust, Glenn Sax, John W. Johnston, John S. Murray, John S. Murray as the personal representative of the Estate of Nancy A. Murray, John Murray as the personal representative of the Estate of William S. Murray, Johnson Family Trust, Larry Nelson, Myrna Nelson, Pam Gunderson, successor in interest to David Gunderson, Patricia A. Murray, Richard and Carol Sukman, as Trustees of Sukman Family Trust, Arlene Sax, Laura Sax, Mark Sax, Patricia Sax, Sax Family Mineral, LLP, Smith Minerals, LLP, Sue Johnson, Wood River Investment Company.

Leona E. Filis and Devon H. Decker (on brief), Houston, Tex., for defendants and appellees Abaco Energy, LLC, Brent Clum, Cody Oil & Gas, Earthstone Energy, Inc., LGFE-J LP, LGFE-M LP, Global Gas & Oil, LLC, Hill LP, JRB Investments, LLC, MBI Oil & Gas, MBI Overrides, LLC, Vincent Melashenko, Missouri River Royalty, Northern Energy Corporation, David Peterson, Rainbow Energy Marketing Corporation, Reef 2011 Private Drilling Fund LP, Sourcerock Exploration, LLC, Stewart Geological, Inc., Sunshine Pacific Corp, United Energy Trading, LLC, Wolfe Exploration.

Statoil Oil & Gas, LP v. Abaco Energy, LLC 

Nos. 20160261 and 20160262

Crothers, Justice.

[¶1] Statoil Oil & Gas LP appeals from judgments dismissing without prejudice its actions against numerous defendants, seeking a determination of the proper distribution of oil and gas revenues from Williams and McKenzie County wells on land adjacent to the Missouri River and under Lake Sakakawea.  We affirm, concluding the district court did not abuse its discretion in dismissing the actions because Statoil failed to join the United States as an indispensable party. 

I

[¶2] Statoil filed two lawsuits against various defendants seeking a determination of the proper distribution of revenues from oil and gas wells it operated in western North Dakota, after the State in 2011 redetermined the location for the ordinary high water mark of the Missouri River before the creation of Lake Sakakawea.  As a result of the redetermination, the State claimed a larger interest in some spacing units and, for the first time, an interest in others.  The United States claims an interest in the disputed property, but was not joined as a defendant.  The defendants moved to dismiss the complaints for failure to join the United States as an indispensable party under N.D.R.Civ.P. 12(b)(7) and 19, because the United States cannot be sued in state court over property title disputes.  The district court granted the motions and dismissed the actions without prejudice.  The cases were consolidated for appeal.  Because the judgments effectively foreclose litigation of Statoil’s actions in its chosen forum of the state courts, the judgments are appealable even though the dismissals are without prejudice.  
See, e.g.
, 
Sanderson v. Walsh Cty.,
 2006 ND 83, ¶ 6, 712 N.W.2d 842; 
Winer v. Penny Enters., Inc.
, 2004 ND 21, ¶ 6, 674 N.W.2d 9.

II 

[¶3] Statoil argues the district court erred in dismissing the actions because it misinterpreted and improperly weighed the factors in deciding whether the actions should be dismissed for failure to join an indispensable party under N.D.R.Civ.P. 19(b).  

[¶4] It is undisputed that the United States claims an interest in the property and, although the United States waives sovereign immunity regarding real property title disputes, 
see
 28 U.S.C. § 2409a(a), those actions against the United States must be brought and resolved in a federal court.  
See
 28 U.S.C. § 1346(f).  The parties therefore agree that joinder of the United States is not feasible for purposes of N.D.R.Civ.P. 19(a).  

[¶5] In these circumstances, the provisions of N.D.R.Civ.P. 19(b) come into play:

“(b) 
When Joinder Is Not Feasible
.  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person’s absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by;

(A) protective provisions in the judgment; 

(B) shaping the relief; or 

(C) other measures;

(3) whether a judgment rendered in the person’s absence would be adequate; and 

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.”

[¶6] In 
Erdman v. Thomas
, 446 N.W.2d 245, 249-50 (N.D. 1989), we said:

“[T]he four interests embodied in Rule 19(b) must be considered in determining whether a person is an indispensable party and whether in his absence it would be preferable to dismiss the action rather than retain it.  Those interests are:  the plaintiff’s interest in preserving his judgment; the defendant’s interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability shared with others; the interest of the courts and the public in the complete, consistent, and efficient settlement of controversies; and the absent party’s interest in the extent to which the judgment may impair or impede his ability to protect his stake in the subject matter of the suit.”

See also Cudworth v. Cudworth
,
 
312 N.W.2d 331, 334 (N.D. 1981)
.
  A district court’s decision on a motion to dismiss for failure to join an indispensable party is reviewed for an abuse of discretion.  
See
 
In re Estate of Murphy, 
554 N.W.2d 432, 438 (N.D. 1996); 
Revoir v. Kansas Super Motels of N.D., Inc.
, 224 N.W.2d 549, 552 (N.D. 1974).

[¶7] Considering N.D.R.Civ.P. 19(b)(1), the district court noted the United States would be prejudiced to some extent by its absence in the proceedings because, although it would not be bound by a state court judgment, 
see, e.g., Tavis v. Higgins
, 157 N.W.2d 718, 727 (N.D. 1968), a judgment in favor of other mineral owners would cloud its record title to the disputed property.  This could force the United States to institute a proceeding to protect its interests in the property, resulting in a waste of judicial and party resources.  
See
 
Nat’l Farmers Union Prop. & Cas. Co. v. Schmidt
, 219 N.W.2d 111, 114 (N.D. 1974) (“The spirit and purpose of Rule 19(a) and 19(b) are to protect the interest of parties who might be deprived of due process by the trial of an action in their absence and . . . to protect those parties already before the court from the harassment and hardship of multiple litigation.”).  The court relied on the United States Supreme Court’s interpretation of Fed.R.Civ.P. 19(b) in 
Republic of Philippines v. Pimentel
, 553 U.S. 851 (2008) for the proposition that an absent party’s sovereign immunity is an important consideration.  
See, e.g.
, 
White v. T.P. Motel, L.L.C.
, 2015 ND 118, ¶ 20, 863 N.W.2d 915 (“When a state rule is derived from a corresponding federal rule, the federal courts’ interpretation of the federal rule may be persuasive authority when interpreting our rule.”).  The court concluded “there is a risk of substantial prejudice to the United States—including both its mineral interests and its sovereignty—if this matter proceeds in its absence, and therefore the first factor favors dismissal.”  The court rejected Statoil’s focus on the absence of prejudice to the defendants, concluding “[r]egardless of whether the Moving Defendants will be prejudiced, the impact on the United States suggests this case should be dismissed.”

[¶8] Statoil argues the district court misconstrued the United States Supreme Court’s decision in 
Pimentel
, 553 U.S. 851.  In that case, creditors who obtained a $2 billion judgment against the estate of Ferdinand Marcos and his wife sought to enforce its judgment by attaching $35 million in a brokerage account in New York held by Arelma, a corporation created by Marcos.  
Id.
 at 857-58.  The brokerage firm filed an interpleader action in federal court naming the Republic of the Philippines and the Philippine Presidential Commission on Good Governance as two of the defendants.  
Id.
 at 859.  The Republic and the Commission asserted sovereign immunity and moved to dismiss the action under Fed.R.Civ.P. 19(b), claiming the action could not proceed without them.  
Pimentel
, at 859.  Reversing the Ninth Circuit Court of Appeals’ decision to allow the action to proceed without the Republic and the Commission, the Supreme Court reasoned:  

“The Court of Appeals erred in not giving the necessary weight to the absent entities’ assertion of sovereign immunity.  The court in effect decided the merits of the Republic and the Commission’s claims to the Arelma assets.  Once it was recognized that those claims were not frivolous, it was error for the Court of Appeals to address them on their merits when the required entities had been granted sovereign immunity.  The court’s consideration of the merits was itself an infringement on foreign sovereign immunity; and, in any event, its analysis was flawed. 

. . . 

“Though this Court has not considered a case posing the precise question presented here, there are some authorities involving the intersection of joinder and the governmental immunity of the United States.  
See, e.g.
, 
Mine Safety Appliances Co. v. Forrestal
, 326 U.S. 371, 373-375 (1945) (dismissing an action where the Under Secretary of the Navy was sued in his official capacity, because the Government was a required entity that could not be joined when it withheld consent to be sued); 
Minnesota v. United States
, 305 U.S. 382, 386-388 (1939) (dismissing the action for nonjoinder of a required entity where the United States was the owner of the land in question but had not consented to suit).  The analysis of the joinder issue in those cases was somewhat perfunctory, but the holdings were clear: A case may not proceed when a required-entity sovereign is not amenable to suit.  These cases instruct us that where sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign.”

Id.
 at 864, 866-67. 

[¶9] Statoil argues the 
Pimentel
 reasoning should be limited to cases involving foreign sovereign immunity.  Although some cases interpreting 
Pimentel
 might support this distinction, we do not find them persuasive.  While 
Pimentel
 involved foreign sovereign immunity, the Supreme Court relied on 
Forrestal
 and 
Minnesota
, two cases involving the governmental immunity of the United States, which is the precise situation here.  We agree with the courts holding the 
Pimentel
 rationale applies to foreign sovereigns, domestic sovereigns, states and Indian nations.  
See
 
Ali v. Carnegie Inst.
, 306 F.R.D. 20, 29 n.6 (D. Ct. D.C. 2014), and cases collected therein.  Statoil also claims any prejudice to the United States is mitigated because its interests are aligned with its lessees who are defendants in this case.  Not only is the record insufficient to determine whether those interests are “aligned,” but Statoil’s argument ignores the importance of the prejudice to the sovereignty of the United States itself.  The district court did not misinterpret the first prong of the test. 

[¶10] Considering N.D.R.Civ.P. 19(b)(2), the district court rejected Statoil’s suggestions for shaping relief to lessen prejudice to the United States by placing its disputed royalties in escrow or omitting its claimed land from the judgment.  The court noted it could not order the royalties placed in escrow because the United States is not a party and it would not be bound to honor any order requiring the deposit of its disputed production proceeds with the court.  The court also reasoned it could not “simply carve out” the United States’ interest from the judgment because there are multiple, conflicting claims to a finite amount of produced oil and gas and “there is not enough property to satisfy all of the parties’ claims.”  As the court stated in  
Wichita and Affiliated Tribes of Oklahoma v. Hodel
, 788 F.2d 765, 776 (D.C. Cir. 1986):

“But when, as in this case, the parties’ interest is in a specified 
percentage
 of the pie, and the combined requests of the parties exceed 100% of the pie, the court cannot afford one relief without affecting the rights of the others.  In that instance, the claims are mutually exclusive, and the problem of indispensability of an absent party is accentuated.”

We reject Statoil’s argument that the court misapplied the law in finding the second factor favored dismissal. 

[¶11] Considering N.D.R.Civ.P. 19(b)(3), the district court found “[n]o judgment can be adequate to all stakeholders, including the public’s interest in ‘settling disputes by wholes’ and the United States’ interest in protecting its sovereignty, unless the United States is joined.”  The court once again relied on 
Pimentel
, 553 U.S. at 870-71:

“As to the third Rule 19(b) factor—whether a judgment rendered without the absent party would be adequate, Fed. Rule Civ. Proc. 19(b)(3)—the Court of Appeals understood ‘adequacy’ to refer to satisfaction of the Pimentel class’ claims.  But adequacy refers to the ‘public stake in settling disputes by wholes, whenever possible.’
 
 This ‘social interest in the efficient administration of justice and the avoidance of multiple litigation’ is an interest that has ‘traditionally been thought to support compulsory joinder of absent and potentially adverse claimants.’  Going forward with the action without the Republic and the Commission would not further the public interest in settling the dispute as a whole because the Republic and the Commission would not be bound by the judgment in an action where they were not parties.”

(Internal citations omitted.)  Consequently, the possibility a judgment might satisfy Statoil or other parties does not make the judgment “adequate” where the claims of the United States are left unresolved and the judgment would not be binding on the United States.  We conclude the court did not misapply the law in finding the third factor favored dismissal.

[¶12] Considering N.D.R.Civ.P. 19(b)(4), the district court found a “possible availability of an alternative forum” exists in federal court if the State waived its Eleventh Amendment immunity from suit.  
See
 
Leadbetter v. Rose
, 467 N.W.2d 431, 437 (N.D. 1991) (“[T]he Eleventh Amendment of the United States Constitution bars a citizen from bringing suit against that citizen’s own state in federal court unless the state waives its immunity and consents to suit in federal court.”), 
overruled on other grounds
, 
Bulman v. Hulstrand Constr. Co., Inc.
, 521 N.W.2d 632 (N.D. 1994).  Statoil argues there must be certainty that an alternative court would exercise jurisdiction.  Statoil relies on 
Hoffman v. Blaski
, 363 U.S. 335, 344 (1960), in which the United States Supreme Court, construing the change of venue provisions under  28 U.S.C. § 1404(a), held that a federal district court may not transfer an action on the defendant’s motion to a district in which the plaintiff did not have a right to bring the action.  However, change of venue provisions necessarily contemplate the existence of an alternative available forum.  That is not always the case in indispensable party dismissal determinations.  In 
Pimentel
, 553 U.S. at 872, the Supreme Court pointed out that “[d]ismissal under Rule 19(b) will mean, in some instances, that plaintiffs will be left without a forum for definitive resolution of their claims.  But that result is contemplated under the doctrine of foreign sovereign immunity.” 

[¶13] The district court here reasoned the possibility of a forum where all the parties’ interests can be considered is better than a forum where it is certain not all the parties’ interests can be considered:

“Because it is at least possible that there is another forum available where Statoil could join all the required parties, the fourth factor also favors dismissal of this action.  The analysis of the fourth factor may be different if Statoil had attempted to bring this action in federal court and the State had objected on sovereign immunity grounds or the Eighth Circuit had held that Statoil must plead an interest in the property adverse to the United States.  But Statoil has never attempted to bring this case, or a similar one, in federal court. As a result, the possible availability of an alternative forum favors dismissal of this suit.”

We conclude the court did not misapply the law in analyzing the fourth factor.

[¶14] Statoil raised cogent arguments in opposition to dismissal of these actions.  But a district court abuses its discretion only “if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law.”  
Datz v. Dosch
, 2014 ND 102, ¶ 22, 846 N.W.2d 724 (quoting 
Wolt v. Wolt
, 2011 ND 170, ¶ 26, 803 N.W.2d 534).  The court did not misinterpret or misapply the law, and it did not abuse its discretion in dismissing the actions without prejudice for failure to join the United States as an indispensable party.  

III

[¶15] We do not address other arguments raised because they are unnecessary to the decision or are without merit.  The judgments are affirmed.

[¶16] Daniel J. Crothers

Jerod E. Tufte

John T. Paulson, S.J.

Thomas E. Merrick, S.J.

Lisa Fair McEvers

[¶17] The Honorable John T. Paulson, S.J., sitting in place of VandeWalle, J., disqualified.

[¶18] The Honorable Thomas E. Merrick, S.J., sitting in place of Kapsner, J., disqualified.